UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Leroy Roberts, Jr., <br>                   Plaintiff, <br><br> vs. <br><br> Ashley Elizabeth Roberts, <br>                   Defendant. | ) C/A No. 4:24-4437-JD-TER <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) |

A civil action was commenced by *pro se* Plaintiff by filing a document in this court.[1] Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for her, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The

---

[1] Plaintiff did not move for *in forma pauperis* status. In the interest of judicial economy and expediency and due to the nature of Plaintiff's filing, the undersigned recommends that the filing fee in this matter be suspended at this time. Plaintiff's caption was also changed as Plaintiff Carl is the filer in this court, not Ashley.

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

**DISCUSSION**

Plaintiff purports he is initiating this filing as a defendant. (ECF No. 1). Plaintiff captions this action with a docket number from 2020 from family court out of Horry County. (ECF No. 1 at 1). Plaintiff entitles the filing "Notice of Appeal." (ECF No. 1 at 1). Public records show Plaintiff has a final judgment of divorce from his spouse as of at least November 2021, if not earlier. Plaintiff alleges the state court judge recently found him in violation of prior court orders in regard to his owed child support. (ECF No. 1 at 1). Plaintiff appears also to be contesting how service was performed in the state court.

To the extent that Plaintiff is seeking to appeal decisions entered in previous family court proceedings in South Carolina, he cannot appeal such decisions to this federal district court. Appeals of orders issued by lower state courts must go to a higher state court. Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257 (U.S. Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). In civil, criminal, and other cases heard in the courts of the State of South Carolina, appeals of state court decisions are within the jurisdiction of the South Carolina Court of Appeals and/or the South Carolina Supreme Court, not this court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). As to any challenges Plaintiff may be making to final judgments in prior state court proceedings, the Rooker–Feldman Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent Plaintiff claims injury caused by allegedly erroneous state court proceedings, any such state court ruling cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court proceedings by federal district courts is implicated when a ruling in the plaintiff's favor on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the Rooker–Feldman Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006).

When considering whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149,152-153 (1908); *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113-15 (1936). Under the Rule 8 requirements, Plaintiff has not adequately pleaded subject matter jurisdiction based on the aforementioned.

As to Plaintiff's assertions of an appeal of state court proceedings in this federal court, this

3

court lacks subject matter jurisdiction.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process*.

August 21, 2024  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

4

**Plaintiff's attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).